Our last case this morning is Fortress Iron v. Digger Specialties, 2024-2313. Mr. Storm. Good morning, Your Honors, and may it please the Court. It's been a quick morning, good for all of us. The primary issue in this case is whether Section 256B permits a court to correct inventorship. When the record is clear that there is no dispute regarding that a particular individual is a co-inventor and the assignee, Fortress, wants to add that individual, the reason that this issue comes up is because the individual we're talking about is a Chinese native who we cannot find. He worked on the project that led to the patentable invention in the early days to 2012-2013, and by the time this issue arose, he had ceased his employment with the company YD that provided quality control for Fortress. So when the information came to light that he needed to be added as a co-inventor, we were not able to find him. He didn't consent, and he didn't appear at a hearing. No. So he didn't comply with the statute. No, I disagree, Your Honor. The statute says that the hearing has to be with notice to parties concerned, and the question is whether Mr. Huang is a party concerned when the result of the hearing would be adding him as an inventor. If we were able to find him, of course, we would be able to use 256A. But the inventor has to be concerned. In any question of inventorship, the inventor's testimony is critical. Not necessarily. Number one, in this case, there's no factual question whatsoever that Mr. Huang is a co-inventor. So the testimony that he would provide has already been satisfied by testimony in the record that he is a co-inventor. And the cases that deal with this do not necessarily require that named inventors always appear. So if you go through the cases that have been cited, for example, in the Iowa State... Is there any case in which the inventor simply didn't respond, didn't consent, wasn't reached? We did not find any case where the inventor, before this, where the inventor could not be found. And I think, as you'll know in the record, this Mr. Huang has been added as a co-inventor to continuation applications. In other words, there's no precedent in your favor? I don't think there's any precedent against us either. Case of first impression? I think it's a case of first impression. If you look at 256A and 256B, we all know that the purpose of 256A is remedial. It's intended to preserve patents where there is a question about inventorship. 256A applies when all the parties can file the right paperwork with the patent office. We can't use 256A because the procedures established by the commissioner require an actual signature from each individual that's involved. Since we can't get Mr. Huang's signature, we can't use 256A. 256B, in basically all the cases that we can find, deal with disputes where there are parties with rights and another party wants to come in and either strike an inventor or add an inventor or do both where the ownership or the rights between the parties shifts. And that's really a due process question. So we propose that the terminology in 256B, the parties concerned, should be understood from a due process perspective. That the entities that need notice and that need to have an opportunity to participate in the hearing are those who would have an adverse result if they don't participate. For example, lose assignment to a patent because their inventors are taken off the patent. Or gain rights. The Chu case, you know, is one where the professor was going to gain reputational and potentially royalty rights. In this case, Mr. Huang doesn't currently know that he's a co-inventor because we haven't been able to find him to inform him, but his status will be improved. Fortress's status will stay the same. They'll be the assignee of the patents. Mr. Huang's status will be improved based on an undisputed factual record. There's no due process dispute here between Huang that we can't find and the named inventors or the assignee, Fortress. And that's in part shown by the fact that there are actually two people in China that we identified as previously unnamed co-inventors. Mr. Huang that we're here for today. And Mr. Alfonso Lin, Mr. Lin is also associated with YD, worked with Fortress in finalizing the invention. And when these facts came out and they were investigated, Fortress is trying to do the right thing here. We're trying to recognize the contributions of the people who worked on the project. You want us to read into the statute the qualification that, provided that there's no dispute, that the individual is an inventor? That's not the way I would suggest that you read our opinion, that you would interpret the phrase parties concerned as parties who have a due process concern, where they would lose assignment, gain rights, lose rights, and that there's a dispute about that. And does that add clarity? I believe that it does. And of course, this is in some sense a one-off situation because if we could find him, we would use 256A. And if there's a dispute... Maybe it's not a one-off situation. There are a lot of Chinese-American inventors who go back to China and may not respond. Well, as far as we could tell, this is the first, it makes it a case of first impressions the first time. And I would point out that this Chinese inventor did his work in China. He's a Chinese native that worked with the Chinese factories and never was in America. So we think that the phrase parties concerned should be interpreted to be one where there's a dispute and the parties who are parties to that dispute. I mean, it sounds like you want us to reinterpret parties concerned to be parties that may be adversely impacted. Adversely impacted depending on how the result of that hearing came out. But, I mean, if that's what Congress meant, that's what they would have said. I don't see how it's logically possible that an unnamed inventor is not a party concerned with the inventorship correction. He may not be adversely impacted if it's corrected in his favor, but he's certainly concerned in the kind of general meaning of that term. Well, I think we're hypothesizing something from somebody we don't know about. But I think the parties concerned phrase invokes this concern with the result. And here he will just be benefited. I mean, he will be better off. Well, that's still concern with the result. It's a benefit, but it's concern. That's why it sounds to me like you're asking for reinterpretation of concern to some kind of, as you say, due process requirement for people that might be adversely impacted. The people that the court would need to hear from to determine, for example, frequently this arises where somebody asserts that there's an unnamed co-inventor. And the party that currently owns the patent and does not have that person's name on it doesn't want them added because it will change the ownership, it will change the nature of the situation. And consequently, that is a due process-type concern. And I think it's not reinterpreting parties concerned to treat it as something where there's a dispute because 256A deals with a situation where there's not a dispute and the parties can be found. 256B generally deals with a situation where there is a dispute. Maybe this guy doesn't want his name added to the patent. That's a hypothetical that is not supported by the facts because the facts that we have is... Well, we don't know either way because you can't find him. No, we don't know either way because we can't find him. But I think you could still understand the statute to be dealing with something where the parties that need to be involved are ones that have a stake in the outcome. And being added, I guess I'd say I'm not so sure that a true inventor has a right not to be named. I mean, if he shows up... If he doesn't think he's a true inventor, maybe he doesn't want to be on the patent. Well, the evidence is to the contrary. The evidence you have so far, he may come in and say that evidence is wrong. I didn't do any of that stuff. Well, you know, there's... Look, I'm not trying to place that. I find it very troubling that there's no way to correct this because you can't find him. Right. And it means that the patent is invalid. But the statute says what the statute says. And I just find it very, very difficult to suggest that party concern for inventorship questions doesn't include an unnamed inventor, even if it would work in his favor. Well, I would encourage you to look at the cases recited because when they get to this question, it is definitely not clear in the decisions that all the people that you're talking about now actually participated in the hearing because the people that participated are the ones who were concerned with the outcome. That's why it's parties concerned in the statute. And I'm into my rebuttal. I would just say quickly, I do think the 101 question will have to be addressed if you affirm the 256 construction. The question is, does perfect inventorship flow from 101? I don't think the statutory construction gets you there. If it's not in 101, where is it in the Constitution? If it's in the Constitution, that's going to impact the interpretation of the AIA in a lot ways more than just this case. I will save the rest of my time for rebuttal. We will save it for you. Miserable picky. Good morning, Your Honors, and may it please the Court. I'll begin by addressing the 256B issue, and in particular, I want to address Judge Hughes's concern. There is a way to remedy this potential issue of a missing inventor who cannot be found. That's through a reissue proceeding under Section 251, which is one of the many things that Fortress did not do, and the record is replete with things that Fortress did not do in this case. Can they do a reissue proceeding naming him without his participation? I understand that the patent office procedures would allow that for a substitute declaration in a reissue proceeding. It is akin to effectively continued prosecution. But only if he is not, in fact, an inventor. You can't reissue a patent omitting someone who is believed to be an inventor. They could seek reissue. Arguably, Your Honor, this is untested and hypothetical, but the patent office procedures and the statute allow for- That's not the issue. Reissue isn't for us. Correct, but to Judge Hughes's question, there is a remedy. That is our position, which is this is not a situation where Fortress or someone who has a omitted inventor who cannot be found, they are not left without a remedy under the Patent Act. What's the harm in adding that? Well, first- Apparently, there's not a dispute that he was an inventor. So let me be clear about the there is no dispute. The litigants to the matter do not dispute it. We do not know what Mr. Wong's position is. We do not know that's the whole purpose behind the statute, to give notice so that the parties concerned can come in, Your Honor, and tell us what it is they believe. And so the harm is we don't have the evidence. The litigants here agree, but that's not what the statute requires. And Fortress is asking for a radical reinterpretation of 256B, which we agree, Your Honor, would occur usually in contested proceedings. Every single case, Your Honor, including Judge Lurie, your decision in Chau, all of those cases are in the context of contested proceeding, meaning we know there's a contest involving the inventors. Here, we don't know if there's a contest. So arguably, 256B is being applied. They're trying to apply it prematurely. Because if they could give notice and there was agreement, they would use 256A and go to the office and correct the record. But they didn't do that here. And so they are asking this court for a rewrite of 256B. That rewrite is against both the plain language of the statute and the cases that they rely on are cases that are outstanding, that simply don't apply. Those cases actually support Digger's position. For example, in Chau, Your Honor, you noted that regardless of Ms. Chau's standing. I spoke to the court. It wasn't my decision at all. Well, in this court's decision, which your author penned, it was noted that regardless of Ms. Chau's standing, whether she had a financial interest, a reputation, whatever her interest was, you noted she was still a party concerned within the meaning of Section 256B. And again, despite the fact that Fortress's brief is replete with statements that the parties agree, the parties agree, it is the litigants who have looked at, based on the record, which is quite slim, I will note, but based on that record, that Mr. Wong should be named. But we still do not know Mr. Wong's position. Do you agree that there's no case on point either way? As to the specific scenario of an omitted inventor who cannot be found where the party has attempted to invoke Section 256B, I agree that there is no case that is on point with respect to that. I think the case law, in general, supports the position that a party concerned under 256B includes an omitted inventor. Let me just briefly address the question on the invalidity and the issue that Fortress has raised. And again, here, I think Fortress's request is a bold one. It asked this court to make a ruling that would upend an invalidity defense that is part of the fabric of our patent laws. First, if you look at 256B itself, the very statute that they tried to invoke is what they call, what everyone calls, a savings clause. We wouldn't need savings clauses. We wouldn't need 256B. We wouldn't need 116 if there wasn't an issue to be saved. So I think you can look at that itself. Second, the requirement to name all inventors, the perfect inventorship requirement, that existed long before 102F. In the Pano decision, again, Judge Laurie, that you wrote, you go through the history of the perfect inventorship requirement as it existed long before 1952 when 102F was enacted. That same requirement exists after 102F was appealed. And we also have cited in our brief at page 38 statements by those who were actually involved in passage of the AIA confirming that 102F did not upend the perfect inventorship requirement. And then, again, we have this requirement does spring from the Constitution. In this section, this court in general noticed that Judge Prost, their citing to Pano, made the tie between the Constitution and the requirement to properly name inventors. And then finally, section 101 provides support to find that if proper inventors are not named, the patent is invalid. And that section has remained unchanged since the initial Patent Act in 1790. Fortress has no basis to set aside this requirement that is, again, part of the fabric of our patent system. And Digger thus respectfully requests that the court affirm. And I'll cede the remainder of my time unless there's questions. Mr. Storm has rebuttal time. Thank you, Your Honor. Just several quick points. The comment about reissue being a way to do this. We could file a reissue and file the paperwork not having Mr. Wong's signature, get his name added to the reissue patent, go through the proceedings to do that. That illustrates the point that parties concerned don't include Wong. Because the patent officers do provide a way to get him on there. And the court has the power to do it because he's not a party concerned with this outcome here. The answer is clear. And you don't need to reinterpret the statute. This is one where there's no dispute that he should be added. And interpreting 256, which is supposed to be a savings clause, to not allow correction here, I think, does violence to the purpose of 256, number one. Number two, the Jansen case, which you both cited, just was illustrative because there's a statement in several cases that parties concerned are omitted inventors and assinees. But in the Jansen case, they added inventors who had participated in the trial, but there's no indication they participated in a hearing. And if you affirm that litany, where you're going to have to have actual inventors every time, yada, yada, it's going to be more cumbersome than the cases themselves reflect. It reflects this due process, parties who are actually concerned perspective. With all due respect, we're not asking to upend centuries of patent law. What we have said is that 101 alone doesn't carry the weight of perfect inventorship. And we've made a distinction, I think a very clear distinction in our brief, between perfect inventorship, which we all kind of knew from 102-F law, and the law before the 1952 Act, and the actual scope of 101. 101 has long been understood to be subject matter. What is the subject matter of patentable inventions? And it starts with the word whoever, but it focuses on what is the subject matter. There are other provisions of the law, 115, 116, and even 256, which provide an avenue and a method whereby true inventors can and should be identified. But 101, as a basis for invalidity, doesn't really withstand statutory scrutiny. We are not upending centuries of law. We're asking for a proper, careful construction of 101 on that point. And if it flows from the Constitution, it doesn't need to be in 101, it flows from the Constitution. And I think holding that the Constitution requires true inventorship will be a problem for the AIA. If you have any questions, I'm happy to address them. Thank you to both counsel. The case is submitted.